In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-179 CR


______________________


 

JASON GENEE MURPHY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 86348






MEMORANDUM OPINION


 Pursuant to a plea bargain, Jason Genee Murphy pled guilty to the state jail felony
offense of forgery. The trial court deferred adjudication of guilt and placed Murphy on
community supervision for three years. The State filed a "motion to revoke unadjudicated
probation," and Murphy pled true to probation violations. Subsequently, the trial court
adjudicated Murphy's guilt and sentenced him to two years in a state jail facility. 

 Murphy's counsel filed an Anders brief stating that "[t]here are no meritorious issues
for appeal." Appellate counsel's brief meets the requirements of Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Subsequently, Murphy filed a pro se brief
raising two issues. First, he argues his counsel was ineffective at the punishment stage
because trial counsel did not object to the trial court's "refusal and failure to consider
mitigating evidence[.]" The record reveals the trial judge did not refuse to consider
mitigating evidence at the punishment stage. Trial counsel pointed out to the trial court that
Murphy had passed and was awarded his G.E.D. certificate. Further, Murphy addressed the
trial court and explained he had located a preacher that "does drug classes" that Murphy
could attend for free. 

 In issue two, Murphy contends the trial court violated his due process rights under

the United States and Texas constitutions and committed structural error by failing to
function as an impartial tribunal for sentencing purposes. See Blue v. State, 41 S.W.3d 129
(Tex. Crim. App. 2000). He offers no support, either from the record, statute, or case law
for his contention. There is nothing in the record showing any lack of impartiality by the trial
judge. 

 We have determined that the appeal is wholly frivolous. We have independently
examined the clerk's record and the reporter's record and find no reversible error. Murphy
may file a petition for discretionary review with the Texas Court of Criminal Appeals. See
Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). The trial court's judgment
is affirmed. Appointment of new counsel is not required. Compare Stafford v. State, 813
S.W.2d 503, 511 (Tex. Crim. App. 1991).

 The judgment of the trial court is affirmed.

 AFFIRMED.

 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on January 24, 2007

Opinion Delivered January 31, 2007

Do Not Publish 


Before Gaultney, Kreger and Horton, J.J.